The People of the State of Illinois ex rel. Charles Agnew, Plaintiff in Error, v. Edward Graham et al., Defendants in Error.

Gen. No. 5,887. (Not to be reported in full.)

Error to the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1913. Appeal dismissed. Opinion filed November 13, 1913.

### Statement of the Case.

Information in the nature of a quo warranto filed by the People of the State of Illinois on the relation

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

of Charles Agnew against Edward Graham, F. E. Blakeslee and P. J. Cruise charging that defendants were unlawfully holding and executing the positions of mayor and alderman of the city of Earlville, and the positions of president, secretary and member of the board of local improvements of said city, and prayed that they be required to answer by what warrant they and each of them claimed to hold and execute said offices. Respondents filed a plea setting up their title to said offices. A general and special demurrer was interposed to said plea, and the demurrer was overruled and the People elected to abide by its demurrer. The court entered a rule on the People to reply instanter, defaulted the People for want of a reply, found the respondents not guilty, and entered a judgment that the defendant recover from the People, on the relation of Charles Agnew, their costs, with execution therefor.

From the order, plaintiff prosecutes an appeal.

L. B. OLMSTEAD, BUTTERS & ARMSTRONG and GEORGE S. WILEY, for plaintiff in error.

JOHN FAISSLER, for defendants in error.

PER CURIAM.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 284*—*form of final judgment.* A final judgment after a demurrer to a plea had been overruled and the plaintiff had elected to abide by the demurrer should be "that the plaintiff take nothing by its suit and that the defendants go hence without day," followed by a judgment for costs.

2. APPEAL AND ERROR, § 278*—*when judgment entered on overruling a demurrer not a final judgment.* Where plaintiff's demurrer to a plea has been overruled and the plaintiff has elected to abide by its demurrer, it is improper for the court to enter a rule upon plaintiff to reply and to default plaintiff and enter a finding on his failure to reply; and on appeal from the order such matters

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

appearing in the record are surplusage and the appeal will be dismissed for want of a final judgment.

3.   Quo warranto, § 58*—*when execution should not be awarded against People for costs.*   On information filed by the People on the relation of a person, a judgment for costs should not award an execution therefor against the People, although it may be awarded against the relator.